## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARY MARCH, et al., | : | |
| | : | CIVIL ACTION |
| Plaintiffs, | : | |
| | : | NO. 2:18-cv-02774-PD |
| v. | : | |
| | : | PAUL S. DIAMOND, J. |
| SUNOCO PIPELINE L.P., et al., | : | |
| | : | |
| Defendants. | : | |

## DEFENDANTS' ANSWER TO
## PLAINTIFFS' CLASS ACTION COMPLAINT

Defendants, Sunoco Pipeline L.P. and Sunoco Logistics Partners L.P., (n/k/a/ Energy Transfer Partners L.P.) (collectively, unless otherwise noted, "Defendants"), filed a Motion to Dismiss and Motion to Strike certain portions of the Class Action Complaint ("Complaint") contemporaneously herewith. Without waiver of the issues raised in the pending motion, and to the extent an Answer to the Complaint is otherwise required, Defendants, by their counsel, answer plaintiffs' Complaint, and aver in support thereof as follows:

1. Admitted only that plaintiffs purport to bring this action as a class action to recover relief as requested in the Complaint. It is denied, however, that this action is properly brought as a class action or that plaintiffs, or any member of the putative class, are similarly situated or are entitled to the relief requested.

1904074_2.docx

2.      Denied and denied as stated.  As relevant to the allegations set forth in the Complaint, Defendants are in the process of constructing the Mariner East 2 and the Mariner East 2X pipelines, which when completed, will transport natural gas liquids ("NGLs") across Pennsylvania from west to east to the Marcus Hook Industrial Complex located in Delaware County, Pennsylvania, for processing, storage, and distribution.  Defendants also own and operate the Mariner East 1 pipeline, which transports NGLs across Pennsylvania from west to east to the Marcus Hook Industrial Complex.  It is denied that Defendants connect a pipeline to gas drilling operations in western Pennsylvania or are engaged in "refining operations" or that Defendants operate any such "refining operations" in Philadelphia, Pennsylvania.

3.      Denied as stated.  Defendants are constructing the Mariner East 2 and Mariner East 2X pipelines utilizing various construction methods, including horizontal directional drilling ("HDD").

4.      Denied.  The allegations set forth in this paragraph state conclusions of law to which no response is required.  To the extent that a response is otherwise required, the allegations are denied.

5.      Denied.  The allegations set forth in this paragraph state conclusions of law to which no response is required.  To the extent that a response is otherwise required, the allegations are denied.

1904074_2.docx

6.      Admitted upon information and belief.

7.      Admitted upon information and belief.

8.      Admitted upon information and belief.

9.      Admitted upon information and belief.

10.     Admitted in part and denied in part.  Denied that Sunoco Pipeline L.P. is also known as Energy Transfer and denied that Sunoco Pipeline L.P. has ever been known as such.  It is admitted that Sunoco Pipeline L.P. is a Texas limited partnership with its headquarters and principal place of business located at 8111 Westchester Drive, Suite 600, Dallas, Texas 75225.  The remaining allegations are denied.

11.     Denied as stated.  On April 28, 2017, Defendant Sunoco Logistics Partners L.P. changed its name to Energy Transfer Partners, L.P.  Sunoco Logistics Partners L.P., now known as Energy Transfer Partners, L.P., is a Delaware limited partnership with its headquarters and principal place of business located at 8111 Westchester Drive, Suite 600, Dallas, Texas 75225.  The remaining allegations are denied.

12.     Denied.  The allegations set forth in this paragraph state conclusions of law to which no response is required.  To the extent that a response is otherwise required, the allegations are denied.  By way of further answer, there is no

1904074_2.docx

defendant Sunoco Logistics, LP named in this Complaint.  To the extent this allegation intended to refer to Defendants, the allegations are denied.

13.     Denied, although it is admitted only that Sunoco Pipeline L.P. formerly maintained offices in Philadelphia as alleged, but did not at the time of the acts alleged in the Complaint or thereafter.

14.     Denied.  The allegations set forth in this paragraph state conclusions of law to which no response is required.  To the extent that a response is otherwise required, the allegations are denied.  By way of further answer, as relevant to the allegations in the Complaint, the Mariner East 1 pipeline, and upon completion, the Mariner East 2 and Mariner East 2X pipelines, which transport or will transport NGLs via pipeline, do not traverse Philadelphia County.  Denied that the NGLs transported in Defendants' pipelines are "products" of Defendants.  By way of further answer, Defendants' pipelines are a public utility service that provide transportation for the NGLs of customers.

15.     Denied.

16.     Denied. The allegations set forth in this paragraph state conclusions of law to which no response is required.  To the extent that a response is otherwise required, the allegations are denied.

17.     Denied.  The allegations set forth in this paragraph state conclusions of law to which no response is required.  To the extent that a response is otherwise required, the allegations are denied.

18.     Denied.  The allegations set forth in this paragraph state conclusions of law to which no response is required.  To the extent that a response is otherwise required, the allegations are denied.

19.     Denied.  The allegations set forth in this paragraph and all its subparts (a) – (h) state conclusions of law to which no response is required.  To the extent that a response is otherwise required, the allegations are denied.

20.     Denied.  The allegations set forth in this paragraph state conclusions of law to which no response is required.  To the extent that a response is otherwise required, the allegations are denied.

21.     Denied.  The allegations set forth in this paragraph state conclusions of law to which no response is required.  To the extent that a response is otherwise required, the allegations are denied.

22.     Denied.  The allegations set forth in this paragraph state conclusions of law to which no response is required.  To the extent that a response is otherwise required, the allegations are denied.

23.     Denied.  The allegations set forth in this paragraph state conclusions of law to which no response is required.  To the extent that a response is otherwise required, the allegations are denied.

24.     Denied.

25.     Denied.  The allegations set forth in this paragraph state conclusions of law to which no response is required.  To the extent that a response is otherwise required, the allegations are denied.  By way of further answer, the Mariner East 1 pipeline, and upon completion, the Mariner East 2 and Mariner East 2X pipelines, do not traverse Philadelphia County.

26.     Denied.  The allegations set forth in this paragraph state conclusions of law to which no response is required.  To the extent that a response is otherwise required, the allegations are denied.

27.     Denied.  The allegations set forth in this paragraph state conclusions of law to which no response is required.  To the extent that a response is otherwise required, the allegations are denied.

28.     Denied as stated.  By way of further answer, the Mariner East 1 pipeline does transport, and when completed, the Mariner East 2 and Mariner East 2X pipelines will transport, NGLs across Pennsylvania west to east.  Denied that

6

the Mariner East 1 pipeline, or Mariner East 2 and Mariner East 2X pipelines,

transport crude oil or gasoline.

29.     Admitted in part and denied in part.  It is admitted only that the

Mariner East 1 pipeline transports, and upon completion, the Mariner East 2 and

Mariner East 2X pipelines will transport, NGLs across Pennsylvania from west to

east and that NGLs transported in these pipelines include ethane, propane and

butane.  All remaining allegations, not specifically admitted, are denied.

30.     Admitted in part and denied in part.  The Mariner East 1 pipeline was

originally constructed in the 1930s.  In 2012, Sunoco Pipeline L.P. received tariff

and rate structure approval from the Federal Energy Regulatory Commission

("FERC") to begin the interstate transportation of NGLs through the Mariner East

1 pipeline.  The Pennsylvania Public Utility ("PUC") also approved intrastate

transportation of NGLs through the Mariner East 1 pipeline in January 2015.  All

remaining allegations not specifically admitted are denied.

31.     Denied.  It is denied that the quoted language is listed on Defendants'

website.  To the extent that this paragraph refers to a written statement, the

statement speaks for itself and any characterization thereof is denied.  By way of

further answer, an accurate description of the Mariner East 1 pipeline project can

be found at www.marinerpipelinefacts.com.

32.     Admitted that in December 2014, the Mariner East 2 and Mariner East 2X pipelines received tariff and rate structure approval from FERC for the interstate transportation of NGLs.

33.     Denied as stated.  Upon completion of construction, the Mariner East 2 and Mariner East 2X pipelines will transport NGLs across Pennsylvania from west to east.  The remaining allegations are denied.

34.     Denied as stated.  Sunoco Pipeline L.P. has easements on various properties for the Mariner East 1, Mariner East 2, and Mariner East 2X pipelines. The remaining allegations are denied.

35.     Denied as stated.  A portion of the Mariner East 1 pipeline is located within easements in the putative class area, which easements have existed since the 1930s.  The Mariner East 2 and Mariner East 2X pipeline easements are co-located with the Mariner East 1 easement in all areas relevant to the putative class area, except for a small deviation beneath the Exton Route 30 bypass.  The Mariner East 2 pipeline has already been installed in the putative class area.

36.     Denied.  By way of further answer, the Mariner East 1 pipeline was installed in the 1930s via open-cut construction in the putative class area. Defendants used HDD to install a portion of the Mariner East 2 pipeline (hereinafter referred to as "HDD 400") in the area of Lisa Drive.

1904074_2.docx

37.    Denied.  By way of further answer, HDD is a trenchless construction method used to install underground utility infrastructure by drilling horizontally beneath the surface of the ground.  The HDD process uses a mixture of water and bentonite, a naturally occurring clay mineral, during the drilling process.

38.    Denied.

39.    Denied.

40.    Admitted that HDD was used prior to March 1, 2017, but denied that HDD is used to bore through the subsurface.

41.    Denied.

42.    Denied.

43.    Denied.  The allegations set forth in this paragraph state conclusions of law to which no response is required.  To the extent that a response is otherwise required, the allegations are denied.

44.    Denied.  The allegations set forth in this paragraph state conclusions of law to which no response is required.  To the extent that a response is otherwise required, the allegations are denied.

45.    Denied.

46.    Denied.  The allegations set forth in this paragraph state conclusions of law to which no response is required.  To the extent that a response is otherwise required, the allegations are denied.

1904074_2.docx

47.    Denied.  The allegations set forth in this paragraph state conclusions of law to which no response is required.  To the extent that a response is otherwise required, the allegations are denied.

48.    Denied.

49.    Denied.

50.    Denied.

51.    Denied.

52.    Denied.

53.    Denied.  By way of further answer, it is specifically denied that an "underground explosion" occurred, that drilling fluids were released to the surface in the manner alleged in the Complaint or that the drilling fluids contained contaminants.  It is further specifically denied that the photo referenced in paragraph 53 of the Complaint and annexed thereto is an accurate depiction of the area or that the photo represents the area and/or allegations stated in the Complaint.

54.    Denied.  The allegations set forth in this paragraph state conclusions of law to which no response is required.  To the extent that a response is otherwise required, the allegations are denied.  It is specifically denied that drilling fluids pose a danger to human health.

55.    Denied.

56.    Denied.

1904074_2.docx

57.     Denied. The allegations set forth in this paragraph state conclusions of law to which no response is required.  To the extent that a response is otherwise required, the allegations are denied.

58.     Denied. The allegations set forth in this paragraph state conclusions of law to which no response is required.  To the extent that a response is otherwise required, the allegations are denied.

59.     Denied.  The allegations set forth in this paragraph state conclusions of law to which no response is required.  To the extent that a response is otherwise required, the allegations are denied.

60.     Denied.

61.     Denied.  The allegations set forth in this paragraph state conclusions of law to which no response is required.  To the extent that a response is otherwise required, the allegations are denied.

62.     Denied as stated.  It is admitted that a ground-surface subsidence occurred on or about November 11, 2017, which was immediately investigated and stabilized.  It is further admitted that representatives of the Pennsylvania Department of Environmental Protection ("PADEP") inspected this ground surface subsidence and response actions were performed.  The remaining allegations are denied.

11

63.     Denied.  By way of further response, while security fencing was temporarily placed in and about the area of the November 11, 2017 ground-surface subsidence, securing fencing has been removed and the area has been restored.

64.     Denied.  The allegations set forth in this paragraph state conclusions of law to which no response is required.  To the extent that a response is otherwise required, the allegations are denied.

65.     Denied. The allegations set forth in this paragraph state conclusions of law to which no response is required.  To the extent that a response is otherwise required, the allegations are denied.

66.     Denied. The allegations set forth in this paragraph state conclusions of law to which no response is required.  To the extent that a response is otherwise required, the allegations are denied.

67.     Denied.

68.     Denied.  The allegations set forth in this paragraph state conclusions of law to which no response is required.  To the extent that a response is otherwise required, the allegations are denied.

69.     Denied.

70.     Denied.

71.     Denied.

72.     Denied.

1904074_2.docx

73.     Denied.  The allegations set forth in this paragraph state conclusions of law to which no response is required.  To the extent that a response is otherwise required, the allegations are denied.

74.     Denied.  The allegations set forth in this paragraph state conclusions of law to which no response is required.  To the extent that a response is otherwise required, the allegations are denied.

75.     Denied.  The allegations set forth in this paragraph state conclusions of law to which no response is required.  To the extent that a response is otherwise required, the allegations are denied.

76.     Denied.  The allegations set forth in this paragraph and subparts (a) through (o) thereof state conclusions of law to which no response is required.  To the extent that a response is otherwise required, the allegations are denied.

77.     Denied.  The allegations set forth in this paragraph state conclusions of law to which no response is required.  To the extent that a response is otherwise required, the allegations are denied.

78.     Denied.  The allegations set forth in this paragraph state conclusions of law to which no response is otherwise required.  To the extent that a response is required, the allegations are denied.

1904074_2.docx

# COUNT I
# NEGLIGENCE

79.     The averments set forth in paragraphs 1-78 hereof are incorporated by reference as if set forth at length herein.

80.     Denied.  The allegations set forth in this paragraph state conclusions of law to which no response is required.  To the extent that a response is otherwise required, the allegations are denied.

81.     Denied.  The allegations set forth in this paragraph state conclusions of law to which no response is required.  To the extent that a response is otherwise required, the allegations are denied.  It is specifically denied that Defendants owed the "highest possible duty of care," for the reasons set forth in Defendants' Motion to Dismiss and Motion to Strike, which is incorporated by reference as if set forth at length herein.

82.     Denied.  The allegations set forth in this paragraph state conclusions of law to which no response is required.  To the extent that a response is otherwise required, the allegations are denied.  By way of further response, denied for the reasons set forth in Defendants' Motion to Dismiss and Motion to Strike, which is incorporated by reference as if set forth at length herein.

83.     The allegations set forth in this paragraph state conclusions of law to which no response is required.  To the extent that a response is otherwise required, the allegations are denied.

14

84.     Denied.  The allegations set forth in this paragraph and all its subparts (a) through (y) state conclusions of law to which no response is required.  To the extent that a response is otherwise required, the allegations are denied.

85.     Denied.

86.     Denied.  By way of further answer, it is specifically denied that there was any such admission.  To the extent that this paragraph refers to the February 2018 Consent Order and Agreement ("COA") by and between Sunoco Pipeline L.P. and PADEP, the COA is a written document that speaks for itself and any characterization thereof is denied.  By way of yet further answer, the COA was a negotiated settlement of disputed claims in which Sunoco Pipeline L.P. did not make any admissions, and which expressly provides that others are not authorized to use the COA in any matter or proceeding.

87.     Denied.  By way of further answer, the monies paid to PADEP pursuant to the terms of the COA were used to establish a new grant program that is open to the public, the specifics of which can be found on PADEP's website.

88.     Denied.  The allegations set forth in this paragraph state conclusions of law to which no response is required.  To the extent that a response is otherwise required, the allegations are denied.  By way of further response, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph, and such allegations are, therefore, denied.

15

89.     Denied.  The allegations set forth in this paragraph state conclusions of law to which no response is required.  To the extent that a response is otherwise required, the allegations are denied.

90.     Denied.  The allegations set forth in this paragraph state conclusions of law to which no response is required.  To the extent that a response is otherwise required, the allegations are denied.

91.     Denied.  The allegations set forth in this paragraph state conclusions of law to which no response is required.  To the extent that a response is otherwise required, the allegations are denied.

92.     Denied.  The allegations set forth in this paragraph state conclusions of law to which no response is required.  To the extent that a response is otherwise required, the allegations are denied.

93.     Denied.  The allegations set forth in this paragraph state conclusions of law to which no response is required.  To the extent that a response is otherwise required, the allegations are denied.

94.     The allegations set forth in this paragraph state conclusions of law to which no response is required.  To the extent that a response is otherwise required, the allegations are denied.

WHEREFORE, Sunoco Pipeline L.P. and Energy Transfer Partners L.P. respectfully request that the Court deny certification of a plaintiff class, enter

1904074_2.docx

judgment in favor of Sunoco Pipeline L.P. and Energy Transfer Partners L.P. and against Plaintiffs, assess costs, including counsel fees, in favor of Sunoco Pipeline L.P. and Energy Transfer Partners L.P. and against Plaintiffs, and grant such other and further relief as the Court deems appropriate.

## COUNT II
## NEGLIGENCE PER SE

95.    The averments set forth in paragraphs 1-94 hereof are incorporated by reference as if set forth at length herein.

96.    Denied.  The allegations set forth in this paragraph state conclusions of law to which no response is required.  To the extent that a response is otherwise required, the allegations are denied.  By way of further response, denied for the reasons set forth in Defendants' Motion to Dismiss and Motion to Strike, which is incorporated by reference as if set forth at length herein.

97.    Denied.  The allegations set forth in this paragraph state conclusions of law to which no response is required.  To the extent that a response is otherwise required, the allegations are denied.  By way of further response, denied for the reasons set forth in Defendants' Motion to Dismiss and Motion to Strike, which is incorporated by reference as if set forth at length herein.

98.    Denied.  The allegations set forth in this paragraph state conclusions of law to which no response is required.  To the extent that a response is otherwise required, the allegations are denied.  By way of further response, denied for the

1904074_2.docx

reasons set forth in Defendants' Motion to Dismiss and Motion to Strike, which is incorporated by reference as if set forth at length herein.

99.     Denied.  The allegations set forth in this paragraph state conclusions of law to which no response is required.  To the extent that a response is otherwise required, the allegations are denied.  By way of further response, denied for the reasons set forth in Defendants' Motion to Dismiss and Motion to Strike, which is incorporated by reference as if set forth at length herein.

WHEREFORE, Sunoco Pipeline L.P. and Energy Transfer Partners L.P. respectfully request that the Court deny certification of a plaintiff class, enter judgment in favor of Sunoco Pipeline L.P. and Energy Transfer Partners L.P. and against Plaintiffs, assess costs, including counsel fees, in favor of Sunoco Pipeline L.P. and Energy Transfer Partners L.P. and against Plaintiffs, and grant such other and further relief as the Court deems appropriate.

## COUNT III
## PRIVATE NUISANCE

100.   The averments set forth in paragraphs 1-99 hereof are incorporated by reference as if set forth at length herein.

101.   Denied.  The allegations set forth in this paragraph and subparts (a) through (d) thereof state conclusions of law to which no response is otherwise required.  To the extent that a response is required, the allegations are denied.  By way of further response, denied for the reasons set forth in Defendants' Motion to

1904074_2.docx

Dismiss and Motion to Strike, which is incorporated by reference as if set forth at length herein.

102.   Denied.  The allegations set forth in this paragraph state conclusions of law to which no response is required.  To the extent that a response is otherwise required, the allegations are denied.

103.   Denied.  The allegations set forth in this paragraph state conclusions of law to which no response is required.  To the extent that a response is otherwise required, the allegations are denied.

104.   Denied.  The allegations set forth in this paragraph state conclusions of law to which no response is required.  To the extent that a response is otherwise required, the allegations are denied.

WHEREFORE, Sunoco Pipeline L.P. and Energy Transfer Partners L.P. respectfully request that the Court deny certification of a plaintiff class, enter judgment in favor of Sunoco Pipeline L.P. and Energy Transfer Partners L.P. and against Plaintiffs, assess costs, including counsel fees, in favor of Sunoco Pipeline L.P. and Energy Transfer Partners L.P. and against Plaintiffs, and grant such other and further relief as the Court deems appropriate.

## COUNT IV
## NEGLIGENT HIRING, TRAINING, AND SUPERVISION

105.   The averments set forth in paragraphs 1-104 hereof are incorporated by reference as if set forth at length herein.

1904074_2.docx

106.   Denied.  The allegations set forth in this paragraph and subparts (a) through (n) thereof state conclusions of law to which no response is required.  To the extent that a response is otherwise required, the allegations are denied.

107.   Denied.  The allegations set forth in this paragraph state conclusions of law to which no response is required.  To the extent that a response is otherwise required, the allegations are denied.

108.   Denied.  The allegations set forth in this paragraph state conclusions of law to which no response is required.  To the extent that a response is otherwise required, the allegations are denied.

WHEREFORE, Sunoco Pipeline L.P. and Energy Transfer Partners L.P. respectfully request that the Court deny certification of a plaintiff class, enter judgment in favor of Sunoco Pipeline L.P. and Energy Transfer Partners L.P. and against Plaintiffs, assess costs, including counsel fees, in favor of Sunoco Pipeline L.P. and Energy Transfer Partners L.P. and against Plaintiffs, and grant such other and further relief as the Court deems appropriate.

## COUNT VI
## <u>TRESPASS</u>

109.   The averments set forth in paragraphs 1-108 hereof are incorporated by reference as if set forth at length herein.

110.   Denied.  The allegations set forth in this paragraph state conclusions of law to which no response is required.  To the extent that a response is otherwise required, the allegations are denied.

111.   Denied.  The allegations set forth in this paragraph state conclusions of law to which no response is required.  To the extent that a response is otherwise required, the allegations are denied.

112.   Denied.  The allegations set forth in this paragraph state conclusions of law to which no response is required.  To the extent that a response is otherwise required, the allegations are denied.

WHEREFORE, Sunoco Pipeline L.P. and Energy Transfer Partners L.P. respectfully request that the Court deny certification of a plaintiff class, enter judgment in favor of Sunoco Pipeline L.P. and Energy Transfer Partners L.P. and against Plaintiffs, assess costs, including counsel fees, in favor of Sunoco Pipeline L.P. and Energy Transfer Partners L.P. and against Plaintiffs, and grant such other and further relief as the Court deems appropriate.

## COUNT VII
## LOSS OF SUBJACENT SUPPORT

113.   The averments set forth in paragraphs 1-112 hereof are incorporated by reference as if set forth at length herein.

114.   Denied.  The allegations set forth in this paragraph state conclusions of law to which no response is required.  To the extent that a response is otherwise

1904074_2.docx

required, the allegations are denied.  By way of further response, denied for the reasons set forth in Defendants' Motion to Dismiss and Motion to Strike, which is incorporated by reference as if set forth at length herein.

115.   Denied.  The allegations set forth in this paragraph state conclusions of law to which no response is required.  To the extent that a response is otherwise required, the allegations are denied.  By way of further response, denied for the reasons set forth in Defendants' Motion to Dismiss and Motion to Strike, which is incorporated by reference as if set forth at length herein.

116.   Denied.  The allegations set forth in this paragraph state conclusions of law to which no response is required.  To the extent that a response is otherwise required, the allegations are denied.  By way of further response, denied for the reasons set forth in Defendants' Motion to Dismiss and Motion to Strike, which is incorporated by reference as if set forth at length herein.

117.   Denied.  The allegations set forth in this paragraph state conclusions of law to which no response is required.  To the extent that a response is otherwise required, the allegations are denied.  By way of further response, denied for the reasons set forth in Defendants' Motion to Dismiss and Motion to Strike, which is incorporated by reference as if set forth at length herein.

WHEREFORE, Sunoco Pipeline L.P. and Energy Transfer Partners L.P. respectfully request that the Court deny certification of a plaintiff class, enter

1904074_2.docx

judgment in favor of Sunoco Pipeline L.P. and Energy Transfer Partners L.P. and against Plaintiffs, assess costs, including counsel fees, in favor of Sunoco Pipeline L.P. and Energy Transfer Partners L.P. and against Plaintiffs, and grant such other and further relief as the Court deems appropriate.

## COUNT VIII
## STRICT LIABILITY

118.   The averments set forth in paragraphs 1-117 hereof are incorporated by reference as if set forth at length herein.

119.   Denied.  The allegations set forth in this paragraph state conclusions of law to which no response is required.  To the extent that a response is otherwise required, the allegations are denied.  By way of further response, denied for the reasons set forth in Defendants' Motion to Dismiss and Motion to Strike, which is incorporated by reference as if set forth at length herein.

120.   Denied.  The allegations set forth in this paragraph state conclusions of law to which no response is required.  To the extent that a response is otherwise required, the allegations are denied.  By way of further response, denied for the reasons set forth in Defendants' Motion to Dismiss and Motion to Strike, which is incorporated by reference as if set forth at length herein.

121.   Denied.  The allegations set forth in this paragraph state conclusions of law to which no response is required.  To the extent that a response is otherwise required, the allegations are denied.  By way of further response, denied for the

1904074_2.docx

reasons set forth in Defendants' Motion to Dismiss and Motion to Strike, which is incorporated by reference as if set forth at length herein.

122.   Denied.  The allegations set forth in this paragraph state conclusions of law to which no response is required.  To the extent that a response is otherwise required, the allegations are denied.  By way of further response, denied for the reasons set forth in Defendants' Motion to Dismiss and Motion to Strike, which is incorporated by reference as if set forth at length herein.

WHEREFORE, Sunoco Pipeline L.P. and Energy Transfer Partners L.P. respectfully request that the Court deny certification of a plaintiff class, enter judgment in favor of Sunoco Pipeline L.P. and Energy Transfer Partners L.P. and against Plaintiffs, assess costs, including counsel fees, in favor of Sunoco Pipeline L.P. and Energy Transfer Partners L.P. and against Plaintiffs, and grant such other and further relief as the Court deems appropriate.

## **AFFIRMATIVE DEFENSES**

By way of further answer and defense, Sunoco Pipeline L.P. and Energy Transfer Partners L.P., by their counsel, plead the following affirmative defenses:

## **FIRST DEFENSE**

All or a portion of plaintiffs' claims are barred because they fail to state a claim upon which relief can be granted.

24

## SECOND DEFENSE

Plaintiffs' claims are barred in whole or in part because the relief sought by Plaintiffs is not available for the causes of action asserted.

## THIRD DEFENSE

Assuming Plaintiffs suffered any form of injury or damage, which is denied, such injury, damage, or other harm was caused by intervening acts, omissions or superseding negligence of other persons or entities over whom Defendants exercised no control and for whose conduct Defendants are not liable.

## FOURTH DEFENSE

Plaintiffs' claims are barred in whole or in part by their own contributory or comparative negligence and by the provisions of 42 Pa. C.S.A. § 7102.

## FIFTH DEFENSE

Plaintiffs' claims are barred in whole or in part by Plaintiffs' failure to join as defendants certain indispensable parties without the presence of which the suit cannot be justly adjudicated.

## SIXTH DEFENSE

Plaintiffs' claims and alleged damages are barred in whole or in part by the terms of the easement agreements pursuant to which Plaintiffs and members of the putative class granted the right to conduct the pipeline construction activities that are alleged in the Complaint.

1904074_2.docx

## SEVENTH DEFENSE

Plaintiffs' claims are barred in whole or in part by their assumption of the risk.

## EIGHTH DEFENSE

Plaintiffs' claims against Defendants are barred in whole or in part by the doctrines of consent and ratification.

## NINTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of force majeure as Plaintiffs' alleged damages were caused by a natural occurrence or an act of god.

## TENTH DEFENSE

Defendants reserve the right to assert any other defense that may become apparent during the course of discovery and proceedings in this case.

1904074_2.docx

WHEREFORE, Sunoco Pipeline L.P. and Energy Transfer Partners L.P.

respectfully request that the Court deny certification of a plaintiff class, enter

judgment in favor of Sunoco Pipeline L.P. and Energy Transfer Partners L.P. and

against Plaintiffs, assess costs, including counsel fees, in favor of Sunoco Pipeline

L.P. and Energy Transfer Partners L.P. and against Plaintiffs, and grant such other

and further relief as the Court deems appropriate.

/s/ Robert D. Fox, Esq.
Robert D. Fox, Esq. (PA ID No. 44322)
Neil S. Witkes, Esq. (PA ID No. 37653)
Nicole R. Moshang, Esq. (PA ID No. 78849)
Diana A. Silva, Esq. (PA ID No. 311083)

Attorneys for Defendants
Sunoco Pipeline L.P. a/k/a
Energy Transfer Partners L.P. and
Sunoco Logistics Partners L.P.

OF COUNSEL:

MANKO, GOLD, KATCHER & FOX, LLP
401 City Avenue, Suite 901
Bala Cynwyd, PA  19004
Fax: (484) 430-5711; Tel: (484) 430-5700

Dated:  October 9, 2018

1904074_2.docx

## <u>CERTIFICATE OF SERVICE</u>

Diana A. Silva hereby certifies that on the date set forth below she caused the foregoing Defendant's Answer to Plaintiffs' Class Action Complaint to be electronically filed and served on all counsel of record through the Court's CM/ECF system.

/s/ Diana A. Silva
Diana A. Silva, Esq. (PA ID No. 311083)
MANKO, GOLD, KATCHER & FOX, LLP
401 City Avenue, Suite 901
Bala Cynwyd, PA  19004
Tel: (484) 430-5700
Fax: (484) 430-5711
dsilva@mankogold.com

Attorneys for Defendants

Dated: October 9, 2018

28

1904074_2.docx